

```
                    UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF CALIFORNIA
                           SACRAMENTO DIVISION
```

FILED
JAN 12 2011
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:

LARRY TEVIS and
NANCY TEVIS,            Case No. 04-26357-B-13J

    Debtors.

_____

LARRY TEVIS, et al.,

    Plaintiffs,     Adv. No. 08-02004-B

vs.                     D.C. No. N/A.

CAL VET, etc., et al.,

    Respondent(s).

_____

### SUPPLEMENTAL MEMORANDUM

On January 2, 2008, the plaintiff debtors commenced the above-captioned adversary proceeding by the filing of a Complaint. On September 1, 2009, the debtors filed their third amended complaint (the "TAC")(DKt. 443) in this adversary proceeding.

On September 18, 2009, defendants Hoseit & Koelwyn, Max Hoseit and Herman L. Koelwyn (collectively, the "Defendants") filed a motion to dismiss the TAC (the "Motion")(Dkt. 453). By order entered August 10, 2010 (the "Order")(Dkt. 526) the court granted the motion in part and dismissed the TAC as to the

Defendants without leave to amend. The Order stated that it was designated as a final, appealable order pursuant to Fed. R. Civ. P. 54(b).

The debtors filed a Notice of Appeal of the Order to the United States Bankruptcy Appellate Panel of the Ninth Circuit (the "BAP") on August 20, 2010 (Dkt. 547). The debtors' appeal was assigned BAP No. EC-10-1318. On October 25, 2010, the BAP issued its Order Re: Limited Remand and Briefing of Appeals (the "Remand Order"), which remanded BAP. No. EC-10-1318 to this court for the limited purpose of making an express determination that there is no just reason for delay in reviewing the Order. Pursuant to the Remand Order, the debtors filed their Ex Parte Motion to Obtain Amended 54(b) Certifications on November 15, 2010 (the "Ex Parte Motion")(Dkt. 581), requesting that the court make the finding requested by the BAP in the Remand Order.

The court has reviewed the Remand Order and the Ex Parte Motion. The following constitutes the court's additional findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052(b). The court finds that there is no just reason for delay of entry of the Order as a final, appealable order pursuant to Fed. R. Civ. P. 54(b), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7054, because the Order adjudicates all claims for relief in the TAC as to the Defendants. The court has not granted leave to the debtors to amend the TAC to state claims for relief as to the Defendants. The Defendants have not filed a counter-claim against the

1 | debtors.  No other defendant to this adversary proceeding has
2 | filed a cross-claim against the Defendants.  Dismissal of the
3 | Defendants therefore ends their involvement as parties to this
4 | adversary proceeding.

Dated: JAN 1 1 2011

Thomas C. Holman
United States Bankruptcy Judge