

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

FILED

JAN 1 2 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:

LARRY TEVIS and
NANCY TEVIS,

    Debtors.

LARRY TEVIS, et al.,

    Plaintiffs,

vs.

CAL VET, etc., et al.,

    Respondent(s).

Case No. 04-26357-B-13J

Adv. No. 08-02004-B

D.C. No. MHA-3

**SUPPLEMENTAL MEMORANDUM**

On January 2, 2008, the plaintiff debtors commenced the above-captioned adversary proceeding by the filing of a Complaint. On September 1, 2009, the debtors filed their third amended complaint (the "TAC")(Dkt. 443) in this adversary proceeding.

On September 14, 2009, defendant First American Title Company (the "Defendant") filed a motion to dismiss the TAC (the "Motion")(Dkt. 448). By order entered August 10, 2010 (the "Order")(Dkt. 530) the court granted the motion in part and dismissed the TAC as to the Defendant without leave to amend.

-1-

1 The Order stated that it was designated as a final, appealable
2 order pursuant to Fed. R. Civ. P. 54(b).

3 The debtors filed a Notice of Appeal of the Order to the
4 United States Bankruptcy Appellate Panel of the Ninth Circuit
5 (the "BAP") on August 20, 2010 (Dkt. 553). The debtors' appeal
6 was assigned BAP No. EC-10-1321. On October 25, 2010, the BAP
7 issued its Order Re: Limited Remand and Briefing of Appeals (the
8 "Remand Order"), which remanded BAP. No. EC-10-1321 to this court
9 for the limited purpose of making an express determination that
10 there is no just reason for delay in reviewing the Order.
11 Pursuant to the Remand Order, the debtors filed their Ex Parte
12 Motion to Obtain Amended 54(b) Certifications on November 15,
13 2010 (the "Ex Parte Motion")(Dkt. 581), requesting that the court
14 make the finding requested by the BAP in the Remand Order.

15 The court has reviewed the Remand Order and the Ex Parte
16 Motion. The following constitutes the court's additional
17 findings of fact and conclusions of law pursuant to Fed. R.
18 Bankr. P. 7052(b). The court finds that there is no just reason
19 for delay of entry of the Order as a final, appealable order
20 pursuant to Fed. R. Civ. P. 54(b), made applicable to this
21 adversary proceeding by Fed. R. Bankr. P. 7054, because the Order
22 adjudicates all claims for relief in the TAC as to the Defendant.
23 The court has not granted leave to the debtors to amend the TAC
24 to state claims for relief as to the Defendant. The Defendant
25 has not filed a counter-claim against the debtors. No other
26 defendant to this adversary proceeding has filed a cross-claim
27
28

against the Defendant. Dismissal of the Defendant therefore ends its involvement as a party to this adversary proceeding.

Dated: **JAN 1 1 2011**

*Thomas C. Holman*

Thomas C. Holman

United States Bankruptcy Judge